# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| EARL DEAN BRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No.4:14-CV-00258-NKL |
| SIMON & SCHUSTER, INC. and | ) |
| INTERNET ORDER, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

Plaintiff Earl Dean Bray's motion to voluntarily dismiss [Doc. 39] is GRANTED. Bray's individual claim is dismissed with prejudice, and the claims of the putative class are dismissed without prejudice. All other pending motions [Docs. 8, 30, 32, 37, and 38] are DENIED as moot.

**I.  Background**

Bray filed a petition [Doc. 1-1] on February 6, 2014 in the Circuit Court of Jackson County, Missouri, alleging that the Defendants engaged in deceptive advertising and marketing practices in violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.021, and that a plaintiff class should be certified, with Bray as the class representative. The Defendants removed the action to this Court on March 19, 2014. [Doc. 1.] The Defendants have not filed any answer or motion for summary judgment. Bray filed a motion for class certification [Doc. 8]. The Court entered a briefing schedule [Doc. 21] and the motion for class certification has not yet been ruled.

The parties have now notified the Court that they settled Bray's individual claim. [Docs. 35 and 36.] Under the terms of their agreement, Bray will dismiss his individual claim

with prejudice, and the parties will seek to dismiss the claims of the putative class without prejudice. The Defendants suggest that in view of the procedural posture of this case—no answer or motion summary judgment having been filed, and no ruling on the motion for class certification having been entered—no Court approval of dismissal is required. [Doc. 37.] Bray seeks an order of dismissal. [Doc. 39.]

## II. Discussion

An order of dismissal is appropriate.

Rule 23(e) of the Federal Rules of Civil Procedure has been interpreted to require court approval of voluntary, non-prejudicial dismissal of putative class actions, that is, cases in which dismissal is sought prior to the grant or denial of class certification. *See e.g., Crawford v. F. Hoffman-LaRoche Ltd.,* 267 F.3d 760, 764-65 (8th Cir. 2001), and Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* §§ 11.65 and 11.72 (4th ed. 2014) (collecting cases). Such dismissals are permitted upon the court's satisfaction that the putative class will suffer no prejudice. *See Crawford*, 267 F.3d at 765 (court should consider factors such as whether the statute of limitations will have run, or whether putative class members were lulled into relying on the named plaintiff to protect their interests); *Newberg on Class Actions* §§ 11.65 and 11.72 (and cases discussed therein).

In 2003, Rule 23(e) was amended to include explicit reference to "certified" classes, *i.e.*, "The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." The Advisory Committee notes provide that the change was a clean-up to address ambiguity surrounding the need for court approval of settlements with putative class representatives that resolved only individual claims.

Notwithstanding the 2003 addition of the reference to "certified" classes in Rule 23(e), at

least some courts have continued to require approval of voluntary, non-prejudicial dismissals sought prior to any ruling on class certification—more specifically, to address whether notice to the putative class is necessary to prevent prejudice. *See Swinney v. Amcomm Telecomm., Inc.,* 2013 WL 28063 *3 (Jan. 2, 2013) and *Smith v. Chevrolet*, 2008 WL 2437563 *2 (E.D. Ky. 2008); *see also Eastham v. Chesapeake Appalachia, LLC,* 2013 WL 3818549 *2 and *5 (S.D. Ohio July 23, 2013) (ordering the plaintiffs to brief whether putative class members were likely to be prejudiced by withdrawal of class allegations); *In re Behr Dayton Thermal Products, LLC Litigation,* 2012 WL 55913 *4-5 (S.D. Ohio Feb. 21, 2012) (same). The factors these courts have considered relevant in deciding whether notice is required include the likelihood that putative class members are aware of the litigation, and whether they have relied on prosecution of their claims by the named plaintiff, *Eastham,* 2013 WL 3818549 at *2; *Behr,* 2012 WL 55913 at *4, and *Smith*, 2008 WL 2437563 at *2; and whether there is any evidence of collusion between the named plaintiff and the defendant, *Smith*, 2008 WL 2437563 at *2.

Although the Defendants point to the 2003 amendment of Rule 23(e), the parties cite no authority explicitly demonstrating that *Crawford v. F. Hoffman-LaRoche Ltd.,* 267 F.3d 760 (8th Cir. 2001), is no longer good law in this Circuit, and the Court is aware of none. Moreover, the current version of Rule 23(e) does not preclude the Court from considering whether a putative class will suffer prejudice with voluntary dismissal, and the Court concludes the interests of justice will be served by examining the issue.

Bray argues that the putative class will not be prejudiced by dismissal, for two reasons. First, he explains that his own claim may not survive a dispositive motion in view of a standing issue, which would leave the putative class without a suitable representative. [Doc. 40, p. 4.] He also argues, in summary fashion, that the statute of limitations has been tolled with the filing of

the action, citing *Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345, 353-54 (1983). [*Id.*, p. 5.] The Defendants do not address the potential for prejudice to the putative class. [*See* Doc. 37.]

Whether the statute of limitations has been tolled is not as clear as Bray suggests. The federal-court rule that statutes of limitations are subject to equitable tolling, from the time a class action is filed until certification is denied, has its origins in *American Pipe and Construction v. Utah,* 414 U.S. 538 (1974). But when a federal court sits in diversity jurisdiction, as in the instant case [*see* Doc. 1], the tolling rule comes from the state whose law is being applied. *Great Plains Trust Co. v. Union Pacific R. Co.,* 492 F.3d 986, 995 (8th Cir. 2007). Some states have adopted the *American Pipe* rule with respect to tolling during the pendency of a motion to certify a class. *Id.* at 997 (noting that Kansas adopted *American Pipe* rule); *see also Wade v. Danek Medical, Inc.,* 182 F.3d 281, 286-87 (4th Cir. 1999) (collecting cases). It is not clear whether Missouri has.

The Missouri Court of Appeals, in *Hyatt Corp. v. Occidental Fire & Cas. Co. of N.C.,* 801 S.W.2d 382, 389 (1990), held that a pending class action tolled a statute of limitations on a state law claim, citing *American Pipe* without discussion. But the Missouri Supreme Court, in *Rolwing v. Nestle Holdings, Inc.,* 2014 WL 2583407 (June 10, 2014)[1], suggested that Missouri does not follow the *American Pipe* rule. Among other reasons, the Court explained that only the legislature may suspend or toll statutes of limitations. *Id.* at * 4.

Even if a Missouri court would not treat the statute of limitations on potential MMPA claims as tolled while the instant case was on file, given the procedural posture of this case, it is doubtful that any putative class members were lulled into sitting on their rights. The case was filed in state court in February 2014 and removed to this Court in March 2014. Since the case's

---

[1] *Rolwing* is not yet final.

removal, no notices have been sent to putative class members, and there is no evidence that putative class members have been in contact with the Court or counsel for the Plaintiff or Defendants.  And the case was filed only four months ago.  It is unlikely that any putative class members would be harmed by voluntary dismissal without prejudice, even if the statute of limitations was not tolled.

There is also no evidence of collusion between the parties.  The Plaintiff settled his individual claim, only, and has identified a potential standing issue that may preclude him from representing the putative class in any event.

Under the circumstances, the putative class will not be harmed by dismissal of the class claims without prejudice, and notice to the putative class is not necessary.

**III.     Summary**

Bray's motion to dismiss his individual claims with prejudice and the class claims without prejudice [Doc. 39] is GRANTED.  Bray's motion to certify the class [Doc. 8], the Defendant's motion to dismiss [Doc. 30], the Defendants' motion to strike the class claims [Doc. 32], the Defendants' motion to permit Bray to voluntarily dismiss [Doc. 37], and Bray's motion for leave to file additional documents under seal [Doc. 38] are DENIED as moot.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  June 25, 2014
Jefferson City, Missouri